## In re MISSOURI MOTOR DISTRIBUTING CORPORATION.

## In re SPEARS SHIP–BY–TRUCK, Inc., et al.

### No. 14157.

District Court, W. D. Missouri, W. D.
Sept. 14, 1937.

M. W. Borders, Jr., of Kansas City, Mo., for debtor.

Byron A. Spencer, of Kansas City, Mo., for trustees.

J. Francis O'Sullivan, of Kansas City, Mo., for creditors.

REEVES, District Judge.

The debtor and the claimants were and are public carriers of merchandise, and in the shipments heretofore made the several claimants continued the line haul on behalf of the debtor as the initial carrier. It is the contention of claimants that they are entitled to a preference or priority on tariffs or freight charges collected by the debtor for the through transit.

It appears from the evidence that such obligations were created within a few weeks immediately preceding bankruptcy. Such arrangements were made between the claimants and the debtor in accordance with usual traffic customs and arrangements. This means that the initial carriers of freight or merchandise may collect all of the tariff or traffic charges and thereafter make division with the other carriers. The debtor, while admitting the claims and the basis thereof, nevertheless, denies that the claimants are entitled to priorities.

1. An examination of the authorities discloses that there does not exist an in-
herent right to priorities in cases like this, although a few cases hold otherwise.

In the case of Chicago & Alton R. Co. v. United States & Mexican Trust Co. (C. C.A.) 225 F. 940, loc. cit. 946, the court was dealing with a claimed priority for damages and repairs sustained or made by the subsequent carrier. Judge Sanborn, in writing the opinion in the case, made the distinction between that kind of a claim and claims for traffic balances. The receiver of the Orient Railroad had been ordered by the court to pay all traffic balances accruing between the dates September 1, 1911, and March 7, 1912. This order was made at the same time that claims for wages and for supplies were directed to be paid. Apparently it was the thought of the court that such obligations were so much akin to wages earned and supplies furnished that, in the case of a common carrier, the claim should be put upon the same basis. The thought back of such a claim is that it was essential to keep the common carrier a going concern in the interest of the public.

2. In the case of common carriers, the courts have indicated that priorities or preferences may be allowed for current expenses. While these are exceptions to the general rule, yet, nevertheless, they are allowed in case of common carriers because of the interest of the public. See Central Trust Co. v. Chicago, A. & N. Ry. Co. (D. C.) 232 F. 936.

In the case of Bankers' Trust Co. v. Florida East Coast Railway Co. (D.C.) 9 F.Supp. 258, the District Court said that traffic balances may be given a priority only where there has been a diversion of income.

It would be difficult to find a case where advance payments of the kind in question have been made to the initial carrier and not distributed, and where not sequestered and held, but that the amount thus collected has been diverted from the income, thereby affording to the subsequent carrier a valid claim for a priority.

The matter of diverting funds was discussed in Fosdick v. Schall, 99 U.S. 235, 254, 25 L.Ed. 339, where the court said that, if an income designed to discharge certain obligations was diverted, the court could "restore the parties to their original equitable rights."

Some of the cases hold that it must appear that the money thus diverted becomes an appropriated payment to the secured

creditors. However, this does not appear to be the rule.

In Illinois Trust & Savings Bank v. Doud (C.C.A.) 105 F. 123, 52 L.R.A. 481, the court announced the doctrine to the effect that, when the income is diverted from the payment of the claim which has a higher equity to one on a lower plane, then priority should be granted.

Again, it was said that a creditor occupies a superior position where his claim is against the income. This doctrine was announced in Texas Company v. International & G. N. Ry. (C.C.A.) 237 F. 921, loc. cit. 930.

Admittedly, it was the duty of the management of the debtor to use the income to liquidate traffic balances. This was necessary to maintain the facilities of the carriers for the public benefit.

In the case of Virginia & Alabama Coal Company v. Central Railroad & Banking Company of Georgia, 170 U.S. 355, loc. cit. 368, 18 S.Ct. 657, 662, 42 L.Ed. 1068, the court gave an applicable rule when it said in reference to supplies furnished: "The equity thus held to arise when a purchase of necessary current supplies is made by the owning company, is not in anywise influenced by the fact that the company itself is the purchaser of the supplies, but is solely dependent upon the fact that the supplies are sold and purchased for use, and that they are used in the operation of the road; that they are essential for such operation; and that the sale was not made simply upon personal credit, but upon the tacit or express understanding that the current earnings would be appropriated for the payment of the debt."

The above doctrine was discussed in Texas Company v. International & G. N. Ry. Co. (C.C.A.) 237 F. 921, loc. cit. 931. The court in discussing and quoting from various cases said: "The dominant feature of the doctrine, as applied in Burnham v. Bowen [111 U.S. 776, 4 S.Ct. 675, 28 L.Ed. 596], is that where expenditures have been made which were essentially necessary to enable the road to be operated as a continuing business, and it was the expectation of the creditors that the indebtedness created would be paid out of current earnings of the company, a superior equity arises in favor of the materialman as against the mortgage bonds in the income arising both before and after the appointment of the receiver from the operation of the property."

While there is room for doubt in view of the somewhat diverse holdings of the court, yet the better rule appears to be that, in the case of carriers, a claimant of the type here considered is entitled to a priority.

Each of the claimants will therefore be granted priorities as prayed. A proper order may be prepared by counsel for claimants.